■ MERRILL LYNCH BUSINESS FINANCIAL SYSTEMS, INC., et al., Respondents, v FRANK SCHAMBRA, Appellant, et al., Defendant. [655 NYS2d 82] —In an action to reforeclose a mortgage pursuant to RPAPL 1503, the defendant Frank Schambra appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered April 27, 1995, which, upon granting the plaintiffs' motion for summary judgment, *inter alia*, failed to direct an accounting of the rents and profits collected subsequent to the foreclosure sale and the value of use and occupancy for purposes of calculating the redemption price.

Ordered that the judgment is modified, on the law, by adding thereto a provision directing the plaintiffs to furnish an accounting of the rents and profits collected subsequent to the foreclosure sale and directing the Referee to calculate the redemption price including any rents and profits or the value of the plaintiffs' use and occupancy of the property; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

In this reforeclosure action to extinguish the lien of the appellant Frank Schambra (*see*, RPAPL 1503), the Supreme Court granted summary judgment to the plaintiffs and gave the appellant 60 days to redeem the property. The appellant challenges only the method by which the court directed the Referee to calculate the redemption price. Contrary to the appellant's contention, the court properly directed that the redemption price include the value of any improvement to the property made subsequent to the original foreclosure sale (*see*, RPAPL 1523 [3]). However, under the circumstances of this case, the court should have also directed that the redemption price be reduced by the amount of rents and profits received by the plaintiffs or the value of the plaintiffs' use and occupancy during the period subsequent to the original foreclosure sale (*see*, RPAPL 1522). The judgment is modified accordingly.

Since the plaintiffs have not cross-appealed from the judgment, their contention that the appellant's lien was null and void *ab initio* is not properly before this Court. Friedmann, J. P., Florio, McGinity and Luciano, JJ., concur.